UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VICTORIA HALL, <br><br> Plaintiff, <br><br> v. <br><br> CREDITO REAL USA FINANCE, LLC d/b/a AFS ACCEPTANCE, LLC <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 4:18-cv-01575 <br><br> JURY DEMAND |

## COMPLAINT

NOW comes VICTORIA HALL ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CREDITO REAL USA FINANCE, LLC d/b/a AFS ACCEPTANCE, LLC, ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.* and the Texas Deceptive Trade Practices Act ("DTPA") Tex. Bus. & Com. Code § 17 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C § 227, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas.

1

## PARTIES

4. Plaintiff is a natural person residing in Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is a Florida limited liability company with its principal place of business located at 1475 West Cypress Creek Road, Suite 300, Ft. Lauderdale, Florida 33309. Defendant "is an established, full-service auto finance company that has specialized in serving the subprime financing needs of franchise and independent car dealers since 1996."[1] Defendant offers its services to consumers across the country, including consumers in the State of Texas.[2]

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Prior to the events giving rise to this cause of action, Plaintiff took out an automobile loan ("subject debt") serviced by Defendant.

10. After falling behind on her payment towards the subject debt, Plaintiff attempted to work out an arrangement with Defendant by way of a payment deferment to catch up on payments.

11. Defendant began placing numerous calls and sending multiple text messages to Plaintiff's cellular number (469)-XXX-3141.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 3141. Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] http://www.afsacceptance.com/about/ (Last accessed May 15, 2018.)
[2] http://www.afsacceptance.com/dealer/company-info/our-mission/ (Last accessed May 15, 2018.)

13. Defendant has mainly used the phone numbers (877) 576-2265 and (877) 284-2353 when placing calls to Plaintiff's cellular phone, but upon belief, Defendant may have used other numbers as well.

14. Upon information and belief, the above referenced phone numbers ending in 2265 and 2353 are regularly utilized by Defendant during its debt collection activity.

15. Sometime after Defendant began contacting Plaintiff on her cellular phone repeatedly, Plaintiff demanded that Defendant stop contacting her on her cellular phone.

16. Despite Plaintiff's request, Defendant continued to regularly place phone calls to Plaintiff's cellular phone.

17. Plaintiff has received not less than 20 communications to her cellular phone from Defendant since she requested that Defendant cease making such communications to her cellular phone.

18. Plaintiff often experiences a brief pause or silence between the moment she answers a call from Defendant and the moment when she is greeted by a live agent.

19. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

#### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

24. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting several seconds in length, which Plaintiff experiences during answered calls from Defendant is instructive that an ATDS is being utilized to generate the phone calls. Moreover, the nature and frequency of Defendant's contacts, including the text messages, points to the involvement of an ATDS.

25. Defendant violated the TCPA by contacting Plaintiff on her cellular phone on at least 20 separate occasions using an ATDS without her consent. Any consent Defendant had to contact Plaintiff on her cellular phone was explicitly revoked by her demand that Defendant cease contacting her on her cellular phone.

26. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

27. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, VICTORIA HALL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

28. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

29. The DTPA states:

> "False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful and are subject to action by the consumer protection division under Sections 17.47, 17.58, 17.60, and 17.61 of this code." Tex. Bus. & Com. Code § 17.46.

30. Plaintiff is a "person" as defined by Tex. Bus. & Com. Code § 17.45(3).

31. Plaintiff is a "consumer" as defined by Tex. Bus. & Com. Code § 17.45(4).

32. Defendant is a "person" as defined by Tex. Bus. & Com. Code § 17.45(3).

33. Defendant's collection calls to Plaintiff's cellular phone are "trade" and "commerce" as defined by Tex. Bus. & Com. Code § 17.45(6).

34. Defendant violated the DTPA by engaging in an unlawful deceptive act or practice in contacting Plaintiff or causing Plaintiff to be contacted on her cellular phone. Defendant contacted Plaintiff on her cellular phone through means of an ATDS when Defendant did not have consent to do so after Plaintiff demanded that the contacts cease. Defendant ignored Plaintiff's request and continued to contact Plaintiff on her cellular phone without her consent. By doing so, Defendant

falsely and deceptively represented that it had the legal ability to contact Plaintiff on her cellular phone seeking collection of a debt when it was not legally entitled to take such action in the manner it elected to collect the subject debt. Defendant had an obligation under the TCPA to cease its contacts to Plaintiff's cellular phone, but ignored this obligation in order to maximize its profits and continued to harass Plaintiff. Following its characteristic behavior in placing, or causing to be placed, voluminous calls and sending, or causing to be sent, numerous text messages to consumers, Defendant engaged in a deceptive act, willfully done knowing that consumers are unlikely to be aware of their rights and susceptible to sustained pressure.

35. The DTPA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

36. The DTPA further states:

> "A consumer may maintain a cause of action where [ ] the following constitute[s] a producing cause of economic damages or damages for mental anguish: any unconscionable action or course of action by any person." Tex. Bus. & Com. Code §§ 17.45(5) and 17.50(a)(3).

37. As pled above, Plaintiff has suffered actual damages as a result of Defendant's unconscionable practices. As such, Plaintiff is entitled to relief pursuant to Tex. Bus. & Com. Code. § 17.50(b)(1)(3). An award of three times actual damages and punitive damages is appropriate because Defendant's conduct was committed knowingly and intentionally. After Defendant was notified by Plaintiff that she did not wish to receive any more phone calls or text messages to her cellular phone, Defendant clearly knew that it should no longer contact Plaintiff on her cellular phone. Even still, Defendant continued to act in defiance of Plaintiff's prompt, and the law, by continuing to place collection calls and sending collection text messages to her cellular

phone. In an unfair and unconscionable manner, Defendant caused Plaintiff to be contacted in an attempt to harass, annoy, and coerce Plaintiff into making a payment towards a debt.

38. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Texas and, for public policy reasons, should be penalized.

WHEREFORE, Plaintiff, VICTORIA HALL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages, pursuant to Tex. Bus. & Com. Code. §17.50(b)(1)(3);

c. Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. & Com. Code §17.50(b)(1);

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Bus. & Com. Code § 17.50(d);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 15, 2018                                     Respectfully submitted,

s/ Marwan R. Daher                                      s/Omar T. Sulaiman
Marwan R. Daher, Esq.                                   Omar T. Sulaiman, Esq.
Counsel for Plaintiff                                   Counsel for Plaintiff
Sulaiman Law Group, Ltd.                                Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200                   2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148                                 Lombard, Illinois 60148
(630) 575-8181 x109 (phone)                             (630) 575-8181 x108 (phone)
(630) 575-8188 (fax)                                    (630) 575-8188 (fax)
mdaher@sulaimanlaw.com                                  osulaiman@sulaimanlaw.com